Case 1:22-cv-00183-AT   Document 1-1   Filed 01/18/22   Page 1 of 10

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-08762-S6**
12/9/2021 11:55 AM
TIANA P. GARNER, CLERK

IN THE STATE COURT OF GWINNETT COUNTY

STATE OF GEORGIA

**Izet Advic**

PLAINTIFF

CIVIL ACTION NUMBER: 21-C-08762-S6

VS.

**Quicktrip Corporation**

DEFENDANT

## SUMMONS

**TO THE ABOVE NAMED DEFENDANT:**

You are hereby summoned and required to file with the Clerk of said court and serve upon the Plaintiff's attorney, whose name and address is:

Troy P. Hendrick
The Law Offices of Hendrick and Henry
215 N. McDonough Street
Decatur, GA  30030

an answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint.

This **9th** day of **December**, 20**21**.

Tiana P. Garner
~~Richard T. Alexander, Jr.,~~
Clerk of State Court

By _____
Deputy Clerk

**INSTRUCTIONS:** Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum sheet is used.

SC-1 Rev. 2011

Exhibit A

E-FILED IN OFFICE - EP
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08762-S6**
**12/9/2021 11:55 AM**
TIANA P. GARNER, CLERK

# IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | |
|---|---|
| Izet Avdic,<br><br>Plaintiff,<br><br>v.<br><br>Quiktrip Corporation,<br><br>Defendant. | CIVIL ACTION<br>FILE NO.: 21-C-08762-S6 |

### JURY TRIAL DEMANDED

### COMPLAINT

COMES NOW Izet Avdic, plaintiff, and makes and files this complaint against defendant Quiktrip Corporation as follows:

### PARTIES AND JURISDICTION

1.

Plaintiff Izet Avdic resides at 726 Pinnacle Dr., Winder GA 30680, and is subject to the jurisdiction of this court.

2.

Quiktrip Corporation is a foreign corporation existing under the laws of Oklahoma with its principal place of business in Oklahoma and may be served through its registered agent CT

Corporation System at 289 S. Culver St., Lawrenceville, GA 30046-4805, and is subject to the jurisdiction of this court.

3.

Jurisdiction and venue are proper in this court.

## BACKGROUND

4.

On April 13th, 2020, plaintiff was an invitee at Quiktrip Corporation Store #700, located at 741 W. Pike St., Lawrenceville, GA 30046.

5.

Plaintiff slipped and fell on a slippery, wet substance on the floor near the men's bathroom door.

6.

There were no cones or other warnings in the area of the slippery wet substance at the time of the fall.

7.

Defendant had exclusive ownership, possession and control over Quiktrip Corporation Store #700, located at 741 W. Pike St., Lawrenceville, GA 30046, at all times relevant to this litigation.

8.

As a result of plaintiff's fall, he/she suffered a broken rib, shoulder, arm and spinal injuries, and chest injuries.

## COUNT 1

## PREMISES LIABILITY

9.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 8 above as if fully restated.

10.

Plaintiff was an invitee on the premises at the time of the fall.

11.

Defendant owed a nondelegable duty of reasonable care in keeping the premises safe for invitees such as plaintiff.

12.

Defendant was negligent in failing to properly inspect the area where the fall occurred, in failing to remove the hazard from the floor, in failing to take adequate measures to protect invitees from substances on the floor and in failing to keep the premises safe for invitees.

13.

Defendant's negligence was the proximate cause of plaintiff's injuries.

## COUNT 2

## NEGLIGENT TRAINING & SUPERVISION

14.

Plaintiff realleges and incorporates herein the allegations contained in paragraphs 1 through 13 above as if fully restated.

15.

Defendant was negligent in failing to adopt appropriate policies and procedures to make sure that appropriate inspections, cleaning and maintenance were performed on the premises and in failing to train its employees concerning safety procedures for inspecting, cleaning and maintaining the premises.

16.

Defendant was negligent in training and supervising its staff.

17.

As a result of defendant's negligence in training and supervising its employees, plaintiff was injured on the premises.

WHEREFORE, plaintiff prays that he/she have a trial on all issues and judgment against defendant as follows:

(a) That plaintiff recover the full value of past and future medical expenses and past and future lost wages in an amount to be proven at trial;

(b) That plaintiff recover for mental and physical pain and suffering and emotional distress in an amount to be determined by the enlightened conscience of the jury;

(c) That plaintiff recover such other and further relief as is just and proper;

(d) That all issues be tried before a jury.

This 9th day of December, 2021.

**HENDRICK AND HENRY LAW**

By: *Troy P. Hendrick*
**Troy P. Hendrick**
Georgia Bar No. 346503
Attorney for Plaintiff

215 N. McDonough St.
Decatur, GA  30030
(770) 464-6275 (o)
(404) 919-2889 (Direct)
1-866-305-9682 (f)

Case 1:22-cv-00183-AT   Document 1-1   Filed 01/18/22   Page 6 of 10

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA
**21-C-08762-S6**
**1/13/2022 4:27 PM**
**TIANA P. GARNER, CLERK**

## IN THE STATE COURT OF GWINNETT COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| IZET AVDIC, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CIVIL ACTION |
| QUIKTRIP CORPORATION, | ) ) ) | FILE NO. 21-C-08762-S6 |
| Defendant. | ) ) ) | |

### DEFENSES AND ANSWER

COMES NOW, Defendant QUIKTRIP CORPORATION, appearing specially without submitting to the jurisdiction and venue of this Court, and files it's Defenses and Answer to Plaintiff's Complaint for Damages, and shows the Court as follows:

### FIRST DEFENSE

The Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Jurisdiction is improper as to this Defendant.

### THIRD DEFENSE

Venue is improper as to this Defendant.

### FOURTH DEFENSE

### ANSWER

Defendant responds to the allegations of Plaintiff's Complaint as follows:

1.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant denies the averments contained in paragraph 2 of Plaintiff's Complaint.

3.

Defendant denies the averments contained in paragraph 3 of Plaintiff's Complaint.

4.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the averments contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the averments contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant admits the averments contained in paragraph 7 of Plaintiff's Complaint.

8.

Defendant denies the averments contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant incorporates by reference its responses to paragraphs 1-8 of Plaintiff's Complaint as if fully set forth herein below.

10.

Defendant is without knowledge and information sufficient to form a belief as to the truth of the averments contained in paragraph 10 of Plaintiff's Complaint.

11.

Defendant denies the averments contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the averments contained in paragraph 12 of Plaintiff's Complaint.

13.

Defendant denies the averments contained in paragraph 13 of Plaintiff's Complaint.

14.

Defendant incorporates by reference its responses to paragraphs 1-13 of Plaintiff's Complaint as if fully set forth herein below.

15.

Defendant denies the averments contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the averments contained in paragraph 16 of Plaintiff's Complaint.

17.

Defendant denies the averments contained in paragraph 17 of Plaintiff's Complaint.

**FIFTH DEFENSE**

Defendant denies each and every averment contained in the paragraph beginning with the word "WHEREFORE" in the Plaintiff's Complaint. Any allegations or averments contained in Plaintiff's Complaint not specifically responded to above are hereby denied.

WHEREFORE, Defendant QUIKTRIP CORPORATION, having fully answered, demands that it be discharged with all costs cast upon the Plaintiff.

    Respectfully submitted,

    **DOWNEY & CLEVELAND, LLP**

    By: /s/ Sean L. Hynes
        Sean L. Hynes
        Georgia State Bar No. 381698
        hynes@downeycleveland.com
        Attorneys for Defendant

Downey & Cleveland, LLP
288 Washington Avenue
Marietta, GA 30060-1979
T: 770-422-3233
F: 770-423-4199

## CERTIFICATE OF SERVICE

This is to certify that I have this day served the following counsel of record with a true and correct copy of the foregoing pleading via electronic service and/or by depositing said copy in the United States Mail, with sufficient postage affixed thereon, and properly addressed to the following:

Troy P. Hendrick, Esq.
Troy Hendrick Law Firm
215 N. McDonough Street
Decatur, GA 30030

This 13th day of January, 2022.

**DOWNEY & CLEVELAND, LLP**

By: /s/ Sean L. Hynes
    Sean L. Hynes
    Georgia State Bar No. 381698