IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | | |
|---|---|---|
| IZET AVDIC, | : | |
| Plaintiff, | : | |
| v. | : | CIVIL ACTION NO. |
| | : | 1:22-cv-183-AT |
| QUIKTRIP CORPORATION, | : | |
| Defendant. | : | |

**ORDER**

The matter is before the Court on a *sua sponte* review of subject matter jurisdiction. The Court must always consider the question of whether it has subject matter jurisdiction to hear a case, even if no party raises it. *See Rembert v. Apfel*, 213 F.3d 1331, 1333–34 (11th Cir. 2000); 28 U.S.C. § 1446(c)(4) ("The United States district court in which such notice is filed shall examine the notice promptly. If it clearly appears on the face of the notice and any exhibits annexed thereto that removal should not be permitted, the court shall make an order for summary remand.").

An action is removable if "the district courts of the United States have original jurisdiction" over the action. 28 U.S.C. § 1441. Original jurisdiction of the district courts of the United States may be based on an action arising out of the Constitution or laws of the United States (federal question jurisdiction) or diversity of citizenship of the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332.

Plaintiff filed the present lawsuit in the State Court of Gwinnett County on December 9, 2021. (Doc. 1-1.) Defendant subsequently filed a notice of removal on January 18, 2022. (Doc. 1.) Defendant's sole asserted basis for jurisdiction is diversity. There is no basis for federal question jurisdiction, as the Complaint raises exclusively issues of state law. *See* (Compl., Doc. 1-1).

Federal courts have diversity jurisdiction over civil actions between citizens of different states where the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. "[I]n assessing the propriety of removal, the court considers the document received by the defendant from the plaintiff — be it the initial complaint *or a later received paper* — and determines whether that document and the notice of removal unambiguously establish federal jurisdiction." *Lowery v. Alabama Power Co.*, 483 F.3d 1184, 1213 (11th Cir. 2007) (emphasis added) (citing 28 U.S.C. 1446(b)).

On February 22, 2022, the parties filed a joint stipulation with the Court stating that Plaintiff "does not seek recovery in excess of $75,000.00 in the present action at this time." (Doc. 5.) Based on the parties' stipulation, the Court finds that the jurisdictional amount in controversy requirement has not been satisfied. The Court therefore **REMANDS** this case to the State Court of Gwinnett County. The Clerk is **DIRECTED** to close the case.

**IT IS SO ORDERED** this 23rd day of February, 2022.

                                          _____
                                          **AMY TOTENBERG**
                                          **UNITED STATES DISTRICT JUDGE**